IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY LEAVELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-0270-MJR-CJP |
| ) | |
| HEARTLAND PAYMENT ) | |
| SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Stanley Leavell filed the above-captioned action in this District Court on April 9, 2009, alleging a putative class action against Heartland Payment Systems, Inc. ("Heartland"). Leavell's complaint alleges violations of the Fair Credit Reporting Act, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, and negligence (Doc. 2). Subject matter jurisdiction is invoked under the federal question statute, 28 U.S.C. § 1331, and the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A).

On May 11, 2009, Heartland filed a motion for extension of time to answer and for a stay of all proceedings pending a ruling by the Judicial Panel on MultiDistrict Litigation (MDL) on whether to transfer this action for consolidated discovery proceedings (Doc. 7).

Although cognizant that the MDL Panel is considering whether to transfer this action, the Court **DENIES at this time** the motion to the extent that it requests a stay of proceedings (Doc. 7). The undersigned District Judge generally does *not* stay pretrial proceedings pending MDL transfer. **FEDERAL RULE OF PROCEDURE OF THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION 1.5** provides that the pendency of a motion for transfer to the MDL "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the

1

pretrial jurisdiction of that court." Similarly, the **MANUAL FOR COMPLEX LITIGATION, Federal Judicial Center, § 20.131 and § 22.35 (4th ed. 2004)**, states that during the pendency of a motion for MDL transfer, the court in which the action was filed retains jurisdiction over the case and need not suspend proceedings.

The Court declines to stay the matter but will closely monitor any further orders from the MDL Panel, including any final transfer order which may issue herein. The undersigned Judge has TRACKED the case and assigned a trial date. However, the Magistrate Judge assigned hereto (the Honorable Donald G. Wilkerson) **need not enter a Scheduling and Discovery Order** at this time and is respectfully requested to wait 90 days before proceeding with that step.

The Court does, however, **GRANT** Heartland's motion to the extent that it seeks an extension of time to file its answer. As such, Heartland's answer shall be filed **no later than August 15, 2009**.

Finally, the Court notes that at the time Leavell filed his complaint, he simultaneously submitted a motion to certify class (Doc. 3). At this time, the Court **DENIES** this motion as premature. This denial is without prejudice, and Leavell may re-file the motion at the appropriate time *after* the scheduling and discovery conference.

Accordingly, the Court hereby **GRANTS IN PART AND DENIES IN PART** the motion for an extension of time to answer and for a stay of proceedings (Doc. 7) and **DENIES** the motion to certify class without prejudice (Doc. 3).

**IT IS SO ORDERED.**

**DATED this 18th day of May 2009.**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Court**

2